**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHERRIE GRADY** **PLAINTIFF**

**v.** **No. 4:25-CV-192-RPC-JMV**

**SENATOBIA HEALTH & REHAB, et al.** **DEFENDANTS**

**ORDER DENYING MOTION TO DISMISS AND EXTENDING TIME FOR SERVICE**

On June 1, 2026, the Defendants Senatobia Health & Rehab (SHR) and Marty Northrip filed a Motion to Dismiss [15] this cause of action. The Defendants aver that Grady failed to properly serve them with process pursuant to Federal Rule of Civil Procedure 4, and that she failed to exhaust her administrative remedies for her wrongful termination claim. Furthermore, the Defendants claim that dismissal without prejudice would be ineffectual because Grady would be unable to cure the deficiencies in her complaint simply by re-filing. Therefore, the Defendants request that this Court dismiss the case with prejudice.

The Court agrees with the Defendants that service of process was plainly not effectuated pursuant to Federal Rule of Civil Procedure 4, and therefore, would warrant this action being dismissed without prejudice under Rule 4(m). On February 24, 2026, Magistrate Judge Virden issued an Order to Show Cause for Grady's failure to timely serve the defendants [8]. Grady responded on March 2, 2026, and filed an "Acknowledgment of Service." [9, 10]. The purported service [10] is clearly insufficient. Grady did not serve SHR's managing, registered agent or officer—Marty Northrip—and it appears that the documents Grady attempted to serve were either incomplete or not the actual complaint filed in this present case. *See* ***Dow Disaster Restoration, LLC v. Favre***, No. 1:20-CV-155-LG-RPM, 2020 WL 8409097, at *2 (S.D. Miss. Sep. 1, 2020) ("an LLC defendant may be served 'by delivering a copy of the summons and complaint to an

officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" (quoting Fed. R. Civ. P. 4(h)(1)(B)); Fed. R. Civ. P. 4(c)(1); [9, Exhibit A]. The docket also reflects that the clerk never issued summons to be delivered in this case. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). Furthermore, the 90-day time limit to serve process has now passed. *See* Fed. R. Civ. P. 4(m).

However, in ***Millan v. USAA General Indemnity Co.***, 546 F.3d 321, 325 (5th Cir. 2008) (citations omitted) (emphasis added), the Court stated that:

> Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within [the time-limit established by Rule 4(m)]. If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. A discretionary extension may be warranted, "**for example, if the applicable statute of limitations would bar the refiled action**, or if the defendant is evading service or conceals a defect in attempted service."

If this Court were to dismiss the present case without prejudice for insufficient service of process, the effect would be to dismiss the case with prejudice since the applicable statute of limitations would likely bar future litigation.[1] When that is the case, "a district court's dismissal of claims under Rule 4(m) [is] reviewed under the same heightened standard used to review a dismissal with prejudice." ***Id.*** at 326 (citing ***Boazman v. Econ. Lab., Inc.***, 537 F.3d 210, 213 (5th

[1] After receiving a right to sue letter from the EEOC, a plaintiff has 90 days in which to file a lawsuit based on the EEOC charge. *See* ***Clark v. Crown Cork & Seal***, No. 3:21-CV-001-NBB-JMV, 2021 WL 4432825, at *1 (N.D. Miss. Sep. 27, 2021) (quoting ***Wright v. Arlington Indep. Sch. Dist.***, 834 F. App'x 897, 901 (5th Cir. 2020)). Grady's letter was issued on September 28, 2025 [1, Exhibit B]. She filed the present lawsuit on November 21, 2025—85 days later. "If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." ***Berry v. CIGNA/RSI-CIGNA***, 975 F.2d 1188, 1191 (5th Cir. 1992). Consequently, Grady would be time-barred from refiling a lawsuit arising out of the present EEOC charge.

Cir. 1976)). "A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." ***Id.*** (internal quotation marks omitted) (quoting ***Gray v. Fid. Acceptance Corp.***, 634 F.2d 226, 227 (5th Cir. 1981)). "Additionally, where th[e] Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" ***Id.*** (quoting ***Price v. McGlathery***, 792 F.2d 472, 474 (5th Cir. 1986)).

This Court is unable to say whether any delays were the result of contumacious or intentional conduct on behalf of Grady based on the record and filings before it. Any delays appear to stem from plaintiff's lack of knowledge of the law and procedure. The court acknowledges that knowledge of the law and procedure are burdens that a *pro se* litigant chooses to bear. However, in light of ***Millan***, and the lack of proof of delay or contumacious conduct, plaintiff is entitled to a final opportunity, absent good cause shown, to serve process.

THEREFORE, it is hereby **ORDERED** that the Motion to Dismiss [15] is **DENIED without prejudice**. The defendants may reassert their motion to dismiss on any relevant grounds, including, but not limited to, failure to serve process or failure to exhaust administrative remedies, following the time extension granted to Grady to perfect service. Grady shall be given **thirty (30) days** from the date of this Order to effect proper service of process according to Federal Rule of Civil Procedure 4.[2] On or before September 26, 2026, Grady shall file proper notice on the docket demonstrating that she has executed proper service of process. Failure to do so will result in the dismissal of this action without further notice.

---

[2] This includes appropriate issuance, service and filing of the returns in compliance with the Federal Rules of Civil Procedure.

SO ORDERED, this the 27th day of August, 2026.

**UNITED STATES DISTRICT JUDGE**