**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHERRIE GRADY** **PLAINTIFF**

**V.** **NO. 4:25-CV-192-RPC-JMV**

**SCCR, LLC**
**d/b/a Senatobia Health & Rehab** **DEFENDANT**

**ORDER**

Before this Court is SCCR's Motion to Dismiss [38] Marty Northrip as a party to this case pursuant to Federal Rule of Civil Procedure 21. The parties agree that Rule 21 permits the dismissal of Northrip by this Court as a party to this case.

Rule 21 states in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." On November 3, 2026, this Court entered an Order [34] granting in part and denying part Grady's Motion for Leave to File an Amended Complaint [30]. Initially, Grady sought to amend her complaint to include ADA claims against Northrip individually. However, as this Court pointed out in its Order [34], "there is no individual liability under the ADA." Therefore, Grady was not permitted to include any ADA claims against Northrip individually in her Amended Complaint because they failed to state a claim upon which relief could be granted [*See* 34].

Grady filed her First Amended Complaint on November 5, 2026 [36]. The Amended Complaint [36] does not name Northrip as a defendant or allege any claims against Northrip individually from which Grady may recover damages. Therefore, Northrip's dismissal conforms the docket to the Amended Complaint [36]. The dismissal of Northrip as an individual defendant has no bearing on the two ADA claims in Grady's Amended Complaint [36] against SCCR.

IT IS THEREFORE ORDERED AND ADJUDGED that Marty Northrip is **DISMISSED with prejudice** as a party to this action, with the parties to bear their respective costs and fees. The Clerk of the Court is directed to terminate Northrip as a party to this action and to amend the caption accordingly.

SO ORDERED AND ADJUDGED, this, the 16th day of November, 2026.

Robert P. Chamberlin

**UNITED STATES DISTRICT JUDGE**